UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES DELANEY BAZZOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00218-JRG-HBG |
| | ) | |
| CPL. R. KIDD et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

On August 5, 2019, the Court entered an order requiring Plaintiff to show cause within fourteen days why this action should not be dismissed for his failure cure the deficiencies in his application for leave to proceed *in forma pauperis* in this action for violation of 42 U.S.C. § 1983 [Doc. 5].[1] The order warned Plaintiff that failure to timely respond would result in the dismissal of his case [*Id*.]. More than fourteen days have passed, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

---

[1] On August 21, 2019, the Court's order was returned undelivered to the Clerk's Office with the label "return to sender . . . unable to forward." [Undelivered Order, Doc. 6]. Under Local Rule 83.13, "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault, as it appears that Plaintiff received the Court's order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was seeking to proceed *in forma pauperis* [Doc. 1] in this matter and has not communicated with the Court since filing his complaint.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this action [Doc. 1] will be **DISMISSED** as moot, and the Court will **CERTIFY** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE